IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01591-(PSF)-(MJW)

OPTICAL COMMUNICATION PRODUCTS, INC., a Delaware corporation

    Plaintiff,

v.

OLYMPIA PROPERTIES, L.L.C., a Washington limited liability company, and DOES 1-10

    Defendants.

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Optical Communication Products, Inc. and Defendant Olympia Properties, L.L.C., by their respective undersigned counsel, and ordered by the Court as follows:

### DEFINITIONS

1.    "Action" means the above-captioned civil action No. 06-CV-01591 (PSF) (MJW), *Optical Communication Products, Inc. v. Olympia Properties, L.L.C.*, pending in the United States District Court for the District of Colorado.

2.    "Confidential Information" means information which: (i) is produced by/to any party to the Action pursuant to any provision of the Federal Rules of Civil procedure, any local rule of the United States District Court for the District of Colorado, any Subpoena issued from any Court relating in any way to the Action; or any other method of discovery allowed under statute, rule or case law; and (ii) which is designated as "Confidential" pursuant to paragraph 6 below. Confidential

Information shall not include any information which: (i) is publicly known or available prior to its production in the Action; or (ii) otherwise becomes publicly available without any violation of this Protective Order by the receiving party.

3. "Qualified Person" means anyone who agrees to be bound by the terms of this Protective Order and who also falls into one or more of the following categories:

    a. Attorney of record for a party in the Action or member, associate, paralegal or employee of the firm where such attorney practices, or an employee of an independent photocopying or scanning service utilized by such attorney in the Action;

    b. Testifying experts and consulting experts retained by any party to the Action for the purpose of pretrial discovery, preparation for or trial of the Action that have agreed to be bound by the terms of this Protective Order by executing an Affidavit in the form attached as Exhibit A;

    c. Person (including non-parties) or party that produced the Confidential Information, and any officer, employee or agent of such person or party (provided that such person shall be a Qualified Person by virtue of this subparagraph only with respect to Confidential Information produced by such person or party);

    d. Author or original recipient of a document containing Confidential Information (provided that such person shall be a Qualified Person by virtue of this subparagraph only with respect to Confidential Information of which such person was the author or recipient);

    e. Deponent in the Action, provided that Qualified Persons under this subparagraph may review Confidential Information only in preparation for and during their respective depositions or testimony at trial and after they have agreed to be bound by the terms of this Protective Order by executing an Affidavit in the form attached as Exhibit A;

    f. Stenographer or reporter involved in any deposition, hearing, trial or other proceeding in the Action;

    g. District Judge, Magistrate Judge, court personnel, jurors, and mediators involved in the Action; and

      h.    Parties to the Action.

4.    "Plaintiff" means Optical Communication Products, Inc.

5.    "Defendant" means Olympia Properties, L.L.C.

## AGREEMENT

6.    Any producing party may designate materials or information produced during discovery as Confidential Information by legibly marking them "Confidential" on each page of such materials. Any producing party or any party may so designate any materials in the reasonable exercise of such party's discretion; provided, however, that by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any document or other information as "Confidential."

7.    A party who contests any other party's designation of any document or other information as "Confidential" shall attempt to resolve the dispute with the party making the designation and, if an agreement cannot be reached, may move the Court for an Order determining whether the materials or information should remain confidential and subject to this Stipulated Protective Order.

8.    Plaintiff and Defendant reserve the right to designate materials produced prior to the execution and filing of this Protective Order, whether by a party to the Action or any other person, as "Confidential."

9.    Confidential Information shall be used by a receiving party solely for the purposes of prosecuting or defending claims asserted in the Action, including in discovery, pleadings, motions, briefs, and preparation for trial in, and the trial of, the Action and on appeal, if any, and for no other purpose whatsoever.

10. Confidential Information may be disclosed only to a Qualified Person unless otherwise expressly provided in this Protective Order or agreed to in writing between the party or non-party that produced the Confidential Information, the party that designated the information as "Confidential," and the party wishing to disclose the Confidential Information.

11. No Confidential Information shall be provided or disclosed to any person, including a Qualified Person, at any time or in any form or manner unless, in the good faith judgment of the disclosing person, that person has a present need to hear, know or review such information for the purpose of assisting any attorney of record in the Action.

12. No disclosure of Confidential Information to a person other than a Qualified Person shall occur except upon the prior express written consent of the party who designated the document or information as Confidential Information.

13. All transcripts, depositions, exhibits, and other documents and things filed with the Court containing Confidential Information, or any pleading purporting to reproduce or paraphrase such information shall be electronically filed under seal or hand-filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Action, a description of the contents of such sealed envelope or container, and the legend "Confidential." *The parties shall comply with D.C.Co.LCivR 7.2 and 7.3.* [handwritten marginal note: "May not ~2"]

14. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each copy bears the same "Confidential" designation found on the document being copied.

15. Within thirty (30) days after the conclusion of the Action by final order, judgment, appeal, settlement or otherwise, a party that has produced Confidential Information may request in writing that the party who received the Confidential Information either: (1) return the Confidential

Information and any copies thereof, whether in the receiving party's possession or provided to any Qualified Person, to the producing party; or (2) certify in writing that all originals and any copies of such Confidential Information, whether in the receiving party's possession or provided to any Qualified Person, have been retrieved and destroyed. The Party receiving the request for return or destruction of the Confidential Information shall have twenty (20) days to certify in writing the return or destruction of the Confidential Information and that the returned or destroyed materials constitute all the Confidential Information received by that party, including any copies thereof in that party's possession, custody or control or provided by that party to any Qualified Person.

16. No party to the Action, no Qualified Person, nor any other entity, other than the producing party, shall retain any Confidential Information, including any copies thereof or references thereto, after the conclusion of the Action by final judgment, appeal, settlement or otherwise.

17. Plaintiff's and Defendant's attorneys of record in the Action may retain Confidential Information after the conclusion of the Action by final judgment, appeal, settlement or otherwise. Any Confidential Information retained by Plaintiff's and Defendant's attorneys pursuant to this paragraph, however, shall not be provided after the conclusion of the Action to any party except the party that produced the Confidential Information and shall not be disseminated to the public or other attorneys.

DATED: February 28, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
**MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

**APPROVED AS TO FORM:**

s/ Robert R. Marsh
Joe L. Silver
Robert R. Marsh
Silver & DeBoskey, A Professional Corporation
1801 York Street
Denver, Colorado 80206
(303) 399-3000

ATTORNEYS FOR DEFENDANT OLYMPIA PROPERTIES, L.L.C.


s/ Hilton S. Williams
John P. Phillips
Hilton S. Williams
Ryan C. Nier
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, California 94105
(415) 856-7000

ATTORNEYS FOR PLAINTIFF OPTICAL COMMUNICATION PRODUCTS, INC.

## **EXHIBIT A**

### AFFIDAVIT

I, _____, do swear, affirm, and state under penalty of perjury that:

1. I have read the Stipulated Protective Order entered in *Optical Communication Products, Inc. v. Olympia Properties, L.L.C.*, United States District Court for the District of Colorado civil action No. 06-CV-01591 (PSF) (MJW) on or about_____, 2007.

2. I agree: (1) to be bound by the terms of the Stipulated Protective Order; (2) not to divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Stipulated Protective Order; and (3) that I will not use any Confidential Information for any purpose except as expressly authorized in the Stipulated Protective Order.

3. For purposes of enforcing the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado.

_____
(Signature)

_____
(Print or Type Name)

Address: _____

_____

Telephone No.: (____) _____

STATE OF _____  )
                        ) ss.
COUNTY OF _____  )

Subscribed and sworn before me this ____ day of _____, 200__ by _____.

_____
Notary Public
My Commission Expires: _____